IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VANTAGE POINT TECHNOLOGY, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| FREESCALE SEMICONDUCTOR, INC., | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Vantage Point Technology, Inc. ("Vantage Point") alleges the following for its complaint against Defendant Freescale Semiconductor, Inc. ("Defendant").

**THE PARTIES**

1.  Plaintiff is a corporation formed under the laws of the State of Texas having its principal place of business at 719 W. Front Street, Suite 244, Tyler, Texas 75702.

2.  Defendant is a corporation organized under the laws of the state of Delaware with a principal place of business at 6501 William Cannon Drive West, Austin, Texas 78735. Defendant may be served with process via its registered agent Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**JURISDICTION AND VENUE**

3.  This is a patent infringement action. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

4.  The Court has personal jurisdiction, because Defendant has availed itself of the rights and benefits of this District by conducting business in this jurisdiction, including by

promoting products for sale and selling products via the internet, which is accessible to and accessed by residents of this District.  Defendant also has a principal place of business in the State of Texas and is registered to do business in the state.  Defendant has also sued entities in this District on multiple occasions.

5. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(d) and §1400(b) because substantial acts of infringement have occurred in this District.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 5,463,750

6. On October 31, 1995, U.S. Patent No. 5,463,750 (the "'750 Patent") entitled "Method and Apparatus for Translating Virtual Addresses in a Data Processing System Having Multiple Instruction Pipelines and Separate TLB's for each Pipeline" was duly and legally issued by the United States Patent and Trademark Office.  The application for the '750 Patent was filed on November 2, 1993 and originally assigned to Intergraph Corporation.  A true and correct copy of the '750 Patent is attached as Exhibit A hereto.

7. Plaintiff is the sole and exclusive owner of all right, title, and interest in the '750 Patent and holds the exclusive right to take all actions, including the filing of this patent infringement lawsuit, necessary to enforce its rights to the '750 Patent.  Plaintiff also has the right to recover all damages for past, present, and future infringement of the '750 Patent and to seek injunctive relief as appropriate under the law.

8. Defendant has infringed and continues to directly infringe, either literally or by equivalents, one or more claims of the '750 Patent by making, having made, using, selling, offering for sale and/or importing products that satisfy each and every limitation of one or more claims of the '750 Patent, including at least Claim 1.  Such products include any and all chipsets with an ARM Cortex A15, dual ARM Cortex A9, ARM Cortex A8, dual/quad (multi-core) ARM

Cortex A7 or dual/quad (multi-core) ARM Cortex A5 core processor design. Upon information and belief, the accused chipset products include at least the QorIQ LS-2 family, i.MX6DualLite, i.MX6Dual, i.MX6Quad, i.MX53 family, i.MX50 family, QorIQ LS-1 family, and Vybrid VF6xx family.

9. Defendant's manufacture, sales, offers to sell, and/or importation of the accused products is unauthorized, without the permission of Plaintiff, and constitutes infringement under 35 U.S.C. §271 for which it is directly liable.

10. As a result of Defendant's direct infringement, Plaintiff Vantage Point has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff requests a jury on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment that Defendant has directly infringed, either literally or by equivalents, the '750 Patent;

B. Award Plaintiff damages for Defendant's infringement in an amount to be determined at trial, including enhanced damages, costs, and pre and post-judgment interest; and

C. Award any other relief deemed just and proper.

November 1, 2013                              Respectfully submitted,

/s/ Paul V. Storm
Paul V. Storm
Texas State Bar No. 19325350
Sarah M. Paxson
Texas State Bar No. 24032826
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201
(214) 999-3000
pvstorm@gardere.com
spaxson@gardere.com